AUSTIN WILLIAMS and WILLIAM BRUCE, Plaintiffs
in Error.

*vs.*

NORMAN STEWART, Defendant in Error.

ERROR TO THE DODGE CIRCUIT COURT.

The object of publication of notices in attachment as required by the 17th section of 112 of the Revised Statutes, is not to give the court jurisdiction of the writ and subject matter, but to inform the defendant, if possible, that proceedings have been taken against him.

The appearance of the defendant to traverse the affidavit, is a waiver of all defects in the notice and publication thereof.

Such appearance by the defendant and traverse, gives the court jurisdiction of his person: if the issue be found for him, his property is released, but he is bound to defend as in ordinary summons.

An order of the court dismissing the suit is a final determination of the proceedings, and is so much in the nature of a final judgment that a writ of error lies.

This case is fully stated in the opinion of the court.

*David S. Ordway,* for the plaintiff in error.

*Orlando S. Stewart,* for the defendant in error.

*By the Court,* SMITH, J.   On the 24th day of December, 1852, a writ of attachment issued out of, and under the seal of the Circuit Court of Dodge county, at the suit of the plaintiffs in error, against the goods, etc., of the defendant in error, Norman Stewart, returnable the 4th Monday of March then next succeeding, in which was claimed the sum of $1,085.05. The affidavit accompanying and annexed to the writ, alleged the cause for the issuing thereof to be, " that the affiant had good reason to believe, and did believe that the said Norman Stewart is a resident of the

JUNE TERM
1854.

Williams
and Bruce
vs.
Stewart.

State of Illinois, and is not a resident of the State of Wisconsin."

The writ of attachment with the affidavit annexed, was returned by the sheriff, and filed May 23d, 1853, with the return endorsed thereon, *non est inventus* as to the defendant, and that he had attached personal property, as the property of the said Stewart, with an inventory and appraisement of said property amounting to the sum of $1,446.80.

On the 24th day of October, 1853, the first day of the October term of said Circuit Court, proof of the publication of the notice of said attachment writ, was filed, which notice was as follows, after the title of the cause, etc.: " To Norman Stewart, the above named defendant. Sir, you will take notice, that on the 24th day of December, 1852, a writ of attachment was issued out of, and under the seal of the Circuit Court of Dodge county, in favor of Austin F. Williams and William W. Bruce, against Norman Stewart, for the sum of $1,085.05, returnable on the fourth Monday in March, 1853, and that your property in said county has been attached to satisfy the same." Signed by the plaintiffs, and dated the 1st day of June, 1853. This notice was duly proved by the affidavit of the publisher of a proper newspaper printed in said county. On the same day the plaintiffs filed their declaration, and on the 22d day of May, the defendant appeared and traversed the allegation set forth in the affidavit for the writ of attachment, denying that the defendant was a resident of Illinois, and not a resident of Wisconsin, and denying the indebtedness as set forth therein.

May 25th, the plaintiffs, by their attorney, moved for judgment, as by default, for want of a plea, where-

upon the court made an order to the purport and effect, that "the notice of publication of the said plaintiffs is insufficient, and does not give the court jurisdiction of said cause, and that the said attachment be, and the same is hereby dismissed with costs.' These proceedings upon the traverse and motion were duly excepted to, and made part of the record by bill of exceptions, and are thus properly presented for our consideration.

The difficulties which arise in the adjudication of the question presented by the bill of exceptions in this case, and thus made part of the record, grow out of the provisions of the Revised Statutes, and the acts of the legislature, changing the time for holding the courts of the third circuit. Section 17 of chapter 112 of the Revised Statutes provides that, "If it shall appear by the return of such writ (attachment) that any property has been attached thereon, and that neither of the defendants could be found, the plaintiff shall, within thirty days after such return, unless the defendants or some of them, shall sooner appear in the suit, cause a notice to be published in some newspaper printed in the county for which said court is held ; and if no newspaper is printed in said county, then in some newspaper printed in the judicial circuit in which such writ shall be returned, which notice shall state the names of the parties, the time when, from what court, and for what sum the writ was issued, *and when the same was returnable*, and shall be published for six consecutive weeks ; and if any plaintiff shall neglect to cause such notice to be so published, as required in this section, the attachment shall be dismissed with costs."

In the meantime, between the date of the writ and

June Term
1854

Williams
and Bruce
vs.
Stewart.

the return day mentioned therein, viz: the fourth Monday in May, the first day of the next succeeding term, the legislature, by an act approved February 16, 1853, changed the time of holding the terms of court in the third circuit, by which it was provided that the next succeeding term should be holden on the fourth Monday in May, instead of March, as was before provided; that all processes, recognizances, etc., should be returnable at the time fixed for the said courts respectively. By chapter 89 of Session Laws of 1851, page 64, chapter 112 of the Revised Statutes is amended, and it is therein provided, that the defendant in any writ of attachment may, by plea or answer, deny any one or more of the material al legations stated in the affidavit of the plaintiff, and if, upon such traverse, the court shall find that the statements made by the plaintiff are proven, the suit shall proceed as if no issue had been made on the affidavit, " but if the court find for the defendant on such issue, the property attached shall be released, and upon payment of costs of the issue by the plaintiff, within twenty-four hours thereafter, he shall be permitted to proceed in his suit as in ordinary cases commenced by summons or declaration, and the said defendant shall appear and defend the said suit thereafter as in ordinary cases, or be liable to have his default entered for non-appearance."

Whatever may have been the defect of the notice of publication in this case, we think it was cured or waived by the appearance of the defendant to traverse the affidavit. However, when the legislature is so frequently changing the times for holding the terms of the circuit courts, we are not disposed to criticise too closely the practice under them. If the court is

careful to see that no injury is done, by surprise or otherwise, in such cases, it is all that ought to be required.

JUNE TERM
1854.

Williams
and Bruce
vs.
Stewart.

In the case of *Rose vs. Barr*, 2 *Wis. Rep.*, we held that the appearance of the defendant in attachmen to traverse the affidavit, was a sufficient appearance to entitle him to notice of subsequent proceedings, such as assessment of damages and the like' The object of the publication of notice as required by the 17th section of the Revised Statutes, is not to give the court jurisdiction of the writ, and subject matter of the suit, but to inform the defendant, if possible, that proceedings have been taken against him, and to give him an opportunity to defend. If he does in fact appear, and traverse the allegations contained in the affidavit, the object of the statute in requiring publication of notice, is accomplished, and a fair construction of the amendatory act of 1851, rendered it incumbent on him to thereafter appear for the purpose of defence, the same as though he had been duly served with summons or declaration. It is true that in this case the traverse had not been tried, and there had been no finding by the court upon the issue thus formed. But the defendant had made the issue; he was in court, and jurisdiction was thereby acquired of his person. From that time he was entitled to notice of all proceedings in the suit, in which notice is usually requisite by statute or rule of court.

We think the court below erred in dismissing the case, for the reason set forth in the bill of exceptions.

But it is contended that the order of the court below, dismissing the case with costs, is not a final judgment from which a writ of error will lie. Such,

50*

June Term
1854

Williams
and Bruce
vs.
Stewart.

however, is not the law. The order of the court below was a final determination of the suit, and this court has repeatedly held, that a writ of error would lie, to review an order of the Circuit or County Court dismissing an appeal. Such orders are in the nature of a final judgment, and are subject to review on error, as well by common law as by the clear provisions of the statute.

The court below erred in dismissing the suit, and the order must be reversed with costs, and the case remanded for further proceedings.