*T. B. Redding* and *J. H. Mellett*, for appellant.

*Brown* and *Polk*, for appellee.

---

## Topf and Another *v.* King.

APPEAL.—REVENUE STAMP.—No writ or process is required on appeal from a justice of the peace, and hence no stamp is necessary under the revenue law.

PRACTICE.—OBJECTION TO PROCESS.—When the defendant appears and answers, without objection to the sufficiency of the process, it is too late afterwards to object that the summons was not stamped.

COSTS.—Where on a trial before a justice the defendant recovered judgment for $6, and on appeal the plaintiff had judgment for $30,

*Held,* that the plaintiff was entitled to recover costs before the justice as well as on appeal.

APPEAL from the *Vanderburgh* Common Pleas.

ELLIOTT, J.—*King* sued the appellants on an account before a justice of the peace. The amount demanded exceeded

$100. The defendants answered by a denial, set-off and counter-claim. Before the justice the defendants recovered a judgment for $6 01. *King* appealed to the Court of Common Pleas. In the latter court the defendants moved to dismiss the appeal because the papers on appeal were not stamped with a fifty cent revenue stamp, which motion the court overruled. There was no error in this. The act of congress requires that "writs or other process on appeals from justices' courts," &c., shall be stamped with a fifty cent stamp. In this State no writ or other process is required on an appeal from a justice of the peace; none was issued in this case, and hence no stamp was required.

The defendant then moved to dismiss the action, for the reason that the original summons issued by the justice was not stamped with a fifty cent revenue stamp, which motion the court also overruled, to which the defendants excepted. The purpose of the summons was to notify the defendants of the pendency of the suit and to require them to appear thereto. They did appear and answered the action, without making any objection whatever to the summons, and it was too late to object to it afterwards. Whether the process was valid, or void for the want of a revenue stamp, was immaterial after the defendants had appeared, answered the action and gone to trial without objection. It is not, therefore, necessary that we should determine whether the summons was void for the want of a stamp, the amount claimed therein being more than $100. We think the court committed no error in refusing to dismiss the action.

In the Common Pleas Court the plaintiff below recovered a judgment against the appellants for $29 75. The appellants then moved the court to tax the plaintiff with the costs before the justice, the appellants having recovered a judgment against him in that court, but the court overruled the motion and rendered judgment against the appellants for all the costs, both before the justice and in the Common Pleas Court. This was right. Section seventy of the justices' act provides that costs shall follow the judgment in the

Court of Common Pleas, or Circuit Court," with two exceptions, which are stated in the section. 2 G. & H. 597. This case is not within either of the exceptions, and hence the costs follow the judgment. The appeal, in legal effect, abrogated the judgment before the justice, and the whole costs of the case should follow the judgment in the appellate court.

The judgment is affirmed with costs, and ten per cent damages.

*P. Maier*, for appellants.

*S. C. Stinson*, for appellee.