————o————

W. G. GRAY, Appellant, *vs.* W. H. BURDEN, *et al.*, Respondents.

1. *Arbitration—Award—Bond to abide—Suit upon—Assignment of breaches.*— In an action brought upon a bond given to abide the award of arbitrators, the petition set forth the bond, and alleged the appointment of the arbitrators and submission of the matters in dispute to them; the award of a sum of money; demand thereof and part payment by the principal and his refusal to pay the remainder; for which sum the petition prayed judgment. Petition held under our code to be substantially good. The refusal of defendant to pay the sum awarded was the breach of the bond, and this breach was properly assigned.

*Appeal from Greene Circuit Court.*

*J. P. Ellis*, for Appellant.

I. The award became a cause of action without judgment

thereon. (2 Greenl. Ev., 68.) Our statute does not require a judgment upon the award; it only permits it. (Valle vs. N. Mo. R. R. Co., 37 Mo., 445.) And our courts recognize the common law effect of an award as defined by Greenleaf. (Hamlin vs. Duke, 28 Mo., 166; Bowen vs. Lasalere, 44 Mo., 383.) And the bond itself requires the defendants to pay the award and not a judgment thereon.

II. No demand was required to be made of the sureties. They became liable upon the refusal of their principal.

III. Objection is raised that there is no specific breach assigned in petition. The condition of the bond is, that Burden shall pay the award, and the breach assigned is the non-payment of the award.

IV. It is objected, that said petition does not allege any specific damage sustained by plaintiff, by reason of any alleged breach of the condition of said bond. We suppose the point of this objection is, that the petition does not say that " plaintiff has been damaged in the sum of $335.74," and does say, "that the balance of said award is the sum of $385.74, with interest, which is yet due the plaintiff and unpaid." These allegations are substantially the same. We are not required to use technical language in pleadings under the code. (2 Wagn. Stat., 1013, § 3; Ahern vs. Collins, 39 Mo., 145; Ladd vs. Clark, 42 Mo., 519.)

V. The only statutory requirement regarding the bringing of actions on bonds conditioned upon the payment of money, is in section 1, viz: the plaintiff shall set out the condition and assign the breaches thereof. (Wagn. Stat., 239, § 1.)

*McAfee & Phelps*, for Respondent.

The plaintiff does not aver that arbitrators were selected by the parties to the agreement for the arbitration; nor who they were; nor, that they were duly qualified; nor, that the parties to the alleged arbitration were notified of the time and place of meeting, or attended said arbitration; nor, that the arbitrators made an award, and which was in writing, and attested by a subscribing witness. (1 Wagn. Stat., 143, § 6.) The

plaintiff has not alleged that any legal award was made by any arbitrators against Burden, and if he has not set out or pleaded a legal and valid award,' such as can be sustained, he has no cause of action.

ADAMS, Judge delivered the opinion of the court.

This was an action on a bond to abide the award of arbitrators. The defendants demurred to the petition, and the court sustained the demurrer and rendered final judgment thereon in favor of the defendants.

The petition was as follows: " Plaintiff states that heretofore, viz: on the 25th day of August, 1871, the defendants executed to plaintiff their certain writing obligatory herewith filed, by which they promised to pay plaintiff the sum of four thousand dollars upon the following conditions, viz: Whereas, there are unsettled partnership accounts between W. H. Burden and W. G. Gray, to-wit: the partnership accounts of the firm of W. G. Gray & Co., and Burden & Gray, and whereas, said parties have this day entered into an agreement for the arbitration of said partnership matters: Now if said W. H. Burden shall, in all particulars, abide the award of said arbitrators, and pay any and all sums ordered by said award against said Burden, then this obligation to be void, otherwise to be and remain in full force ; that said award was on the 5th day of October, 1871, made by the arbitrators appointed under said submission ; that said award ordered said W. H. Burden to pay said plaintiff the sum of $1,135.74 ; that on the 14th day of October, 1871, the plaintiff demanded said sum of the said Burden, but the said Burden refused and neglected to pay the same or any part thereof to plaintiff ; that on the 16th day of October, 1871, the said Burden paid plaintiff on said award the sum of $800.00 ; that the balance of said award is the sum of $335.74 with interest, which is yet due the plaintiff and unpaid ; wherefore, he prays judgment on said writing obligatory for the said sum of $335.74, with interest and such other relief as may be proper."

The demurrer assigned the following causes: that the peti-

Gray v. Burden, et al.

tion does not state facts sufficient to constitute a cause of action against defendant, in this; said petition, does not aver that any matter was submitted to arbitrators in pursuance of the provisions of said bond; said petition does not aver that any judgment has been rendered upon the said award, or that the same is obligatory upon said defendants; nor is it averred, that said other defendants have refused to pay said award; that the petition does not assign the specific breaches of the conditions of said bond, as required by law; said petition does not allege any specific damages to him being sustained by plaintiff, by reason of an alleged breach of the conditions of said bond.

This demurrer appears to be based merely on technical grounds. Under our code of practice, the petition is substantially good. It sets forth the bond which was given by the defendant, Burden, to abide the award of arbitrators; that the arbitrators were appointed and the matters in dispute submitted to them, and that they awarded to plaintiffs a sum of money, which was demanded of the principal, Burden, and he refused to pay the amount awarded, but paid a part of it and failed to pay the balance. The only breach of this bond that could be alleged, was the non-payment of the sum of money awarded to the plaintiff. The bond was given to abide the award, and the failure and refusal by Burden to pay the sum awarded was a breach of the bond, and this breach was properly assigned.

Under this view, the judgment must be reversed and the cause remanded. All the judges concur.