## TAYLOR *v.* ELLIOTT ET AL.

ATTACHMENT.—*Undertaking of Attachment Defendant.*—*Subsequent Claimant.*—A. commenced his suit and caused a writ of attachment to be issued and levied on the property of B., who thereupon filed an undertaking, with surety, payable to A., conditioned for the safe-keeping of the attached property and its delivery to the sheriff on demand, etc., as required by statute; and thereafter B. filed his motion to quash the attachment, on the ground of the insufficiency of the affidavit; and while said motion was pending, C. filed his complaint, affidavit and undertaking against B., and became a party under the original proceedings in attachment; and thereafter the court sustained the motion of B. and quashed the original attachment proceedings, and rendered a personal judgment in favor of A. against B., and continued the case of C. against B.; and thereafter a judgment was rendered in favor of C. against B., the attach-

ment was sustained, and the attached property was ordered to be sold to satisfy the same.

*Held*, that when C. became a party to the action, he acquired an interest in, or lien upon, the attached property, which could not be lost by the quashing of the original attachment, and the undertaking filed by B. enured to the benefit of C.

SAME.—It is not necessary that a creditor filing under proceedings in attachment should sue out a writ of attachment, in order to acquire a right to resort to the attached property.

From the Marion Civil Circuit Court.

*J. A. Holman,* for appellant.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellees.

DOWNEY, J.—The sufficiency of the complaint in this case, to which a demurrer was sustained, is the only question for decision. The facts averred in the complaint are the following :

On the 13th day of January, 1866, Stout and another sued Hezekiah, in the Marion Common Pleas, and at the same time sued out an attachment in their action. On the 22d day of January, in the same year, the sheriff seized the personal property of the defendant therein. On the 25th day of the same month, Hezekiah, with Elliott as his surety, executed an undertaking, payable to Stout and another, with condition as follows:

"Now the conditions of the above obligation are such, that if said property is properly kept and taken care of, and shall be delivered to the sheriff on demand, or so much thereof as shall be required to be sold on execution to satisfy any judgment which may be recovered against said Hezekiah in said action, or if he shall pay the said appraised value of said property as aforesaid, not exceeding, however, the amount of the judgment in said cause or causes that may be adjudged against him, then the foregoing obligation to be of no effect, else to be and remain in full force."

Thereupon the property was surrendered by the sheriff to Hezekiah. On the 14th day of February, 1866, Hezekiah moved the court to quash the attachment on the ground of

the insufficiency of the affidavit.   On the 29th day of June,. 1866, by leave of the court, the plaintiff in this action filed his complaint, affidavit and undertaking, and became a party under the attachment of Stout and another.   On the 31st day of October, 1866, the court sustained the motion of Hezekiah and quashed the attachment.   On the 9th day of November, 1866, a personal judgment was rendered against Hezekiah in favor of Stout and another for the amount of their debt.   On the 5th day of December, 1866, the court continued the attachment proceeding as to the plaintiff.   On the 19th day of October, 1867, the plaintiff, Quartus Taylor,. filed an undertaking in attachment in said cause with surety in the usual form.   On the 16th, day of October, 1867, he filed in the action another complaint and an affidavit in attachment.   On the 16th day of November, 1867, a final order and judgment were rendered in said attachment causes,. and that of this plaintiff thereunder, by which it appears that said Quartus Taylor had filed certain claims under the original attachment of Stout and another, one on the 29th day of June, 1866, and the other on the 16th day of October,. 1867; that Hezekiah made default; that it appeared to the satisfaction of the court that said original action of said Stout and another against said Hezekiah was commenced on the 13th day of January, 1866, and that summons therein was duly served on said Hezekiah on the 15th day of January, 1866; that at the commencement of said original action, a writ of attachment was issued in favor of said Stout and another against the property of said Hezekiah, and that under and by virtue of it, and pursuant to its command, the sheriff of said county, on the 22d day of January, 1866, with the assistance of a disinterested and credible householder of the county, duly seized and took into his possession the personal property described in the undertaking annexed to the complaint, and attached the real estate also described in said undertaking, and with the assistance of said disinterested and credible householder, made and returned an inventory and appraisement of said personal property; that while said

attachment of Stout and another was still pending in said court, to wit, on the 29th day of June, 1866, said Quartus Taylor duly filed his first claim aforesaid, under said original attachment, and afterwards, while said proceedings were still pending, to wit, on the 16th day of October, 1867, said Quartus Taylor duly filed his said other claim under said proceeding; that said cause was then and there submitted to the court for trial and judgment without a jury; that the court, after hearing the evidence, etc., found that the defendant, Henry E. Hezekiah, was indebted to said Quartus Taylor, upon said claim filed under said attachment on the 29th day of June, 1866, in the sum of three hundred and thirty-two dollars and eighty-six cents, and that he was indebted to said Taylor upon the claim filed under said attachment on said 16th day of October, 1867, in the sum of two thousand seven hundred and thirty-six dollars and eighty-two cents, making in all three thousand and sixty-nine dollars and sixty-eight cents, and that said property so attached was subject to an attachment lien for the payment of said sums. It was, therefore, ordered and adjudged by the court that said attached property be sold by the sheriff upon a certified copy of said judgment and decree to be issued therein, as other like property was sold on execution, etc., and that of the proceeds of said sale said Quartus Taylor be paid the said sum of three thousand and sixty-nine dollars and sixty-eight cents, and also his costs, etc.; that afterwards, on the 8th day of August, 1868, the plaintiff caused to be issued to the sheriff of said county a certified copy of said order, and that said sheriff afterwards returned the same, showing that the real estate described therein had been sold upon liens and incumbrances senior to the lien of the said order of sale, that said Hezekiah could not be found in his bailiwick, and that he demanded of said Elliott that he deliver to the sheriff said personal property according to the terms and conditions of the undertaking filed herewith, and that said Elliott wholly failed and refused to deliver to said sheriff said personal property, or any part thereof, according to the terms

and conditions of said undertaking. It is alleged that said sum of three thousand and sixty-nine dollars and sixty-eight cents, and the costs of said action are due and wholly unpaid. Prayer for judgment for four thousand dollars, etc.

The statute provides as follows:

"The defendant, or other person having possession of property attached, may have the same, or any part thereof, delivered to him, by executing, and delivering to the sheriff a written undertaking, with surety to be approved by the sheriff, payable to the plaintiff, to the effect that such property shall be properly kept and taken care of, and shall be delivered to the sheriff on demand, or so much thereof as may be required to be sold on execution to satisfy any judgment which may be recovered against him in the action, or that he will pay the appraised value of the property, not exceeding the amount of the judgment and costs." 2 G. & H. 143, sec. 168.

Sec. 186, on p. 147, reads as follows:

"Any creditor of the defendant, upon filing his affidavit and written undertaking, as hereinbefore required of the attaching creditor, may, at any time before the final adjustment of the suit, become a party to the action, file his complaint, and prove his claim or demand against the defendant, and may have any person summoned as garnishee or held to bail, who has not before been summoned or held to bail, and propound interrogatories to the garnishee and enforce answers thereto, in like manner as the creditor who is plaintiff."

Sec. 187, p. 148, reads as follows:

"A dismissal of his action or proceedings in attachment by the first attaching creditor shall not operate as a dismissal of the action or proceedings of any subsequent attaching creditor."

In this case, Stout and another sued out an attachment, in connection with their action against Hezekiah, on a defective affidavit, as we infer, and the property, real and personal, of Hezekiah was seized by virtue of it.

The undertaking, which is the foundation of this action,

Taylor *v.* Elliott *et al.*

1. That the opinion is correct, on the ground that the quashing of the affidavit of Stout and another did not affect the right of Taylor to look to the attached property for payment of his claim.

2. That if this were not so on any other ground, it is not now in the power of the appellees to controvert such right, for the reason that the judgment of the court in favor of Taylor and the order for the sale of the property are conclusive as to such right.

Counsel for appellee refer us to Drake Attach., secs. 83, 84, 85 and 89; *Hall* v. *Brazelton*, 46 Ala. 359; *Lillard* v. *Carter*, 7 Heisk. (Tenn.) 604; *Gere* v. *Gundlach*, 57 Barb. 13; *Hardin* v. *Lee*, 51 Mo. 241; *Evesson* v. *Selby*, 32 Md. 340; *Stone* v. *Magruder*, 10 Gill & J. 383; *Bruce* v. *Cook*, 6 Gill & J. 345; *Egan* v. *Lumsden*, 2 Disney, 168.

Counsel for appellant, in support of his positions, cites the following cases: *Richardson* v. *Hickman*, 22 Ind. 244; *Ryan* v. *Burkam*, 42 Ind. 507; *Beard* v. *Beard*, 21 Ind. 321; *The O. & M. R. W. Co.* v. *Alvey*, 43 Ind. 182; *Paine* v. *Mooreland*, 15 Ohio, 435; *The State* v. *Manly*, 15 Ind. 8; *Perkins* v. *Bragg*, 29 Ind. 507; *Bittick* v. *Wilkins*, 7 Heisk. (Tenn.) 307; *Conklin* v. *Dutcher*, 5 How. Pr. 386; *Talcott* v. *Rosenberg*, 8 Abb. Pr. N. s. 287; *Cooper* v. *Reynolds*, 10 Wal. 308; *Beech* v. *Abbott*, 6 Vt. 586; *Williams* v. *Stewart*, 3 Wis. 773; *In re Clark*, 3 Denio, 167; *Gregg* v. *Thompson*, 17 Iowa, 107, and *Bray* v. *McClurg*, 55 Mo. 158.

After a careful reconsideration of the question decided, we think we should adhere to the conclusion announced in the original opinion.

The petition is overruled.

"The money realized from the attachment and the garnishees shall, under the direction of the court, after paying all costs and expenses, be paid to the several creditors, in proportion to the amount of their several claims as adjusted, and the surplus, if any, shall be paid to the defendant."

The complaint shows that Taylor, by coming in under the attachment of Stout and another, and becoming a party to the action, had acquired a right to look to the attached property for the payment of his debt, no matter what became of the attachment of Stout and another.

The complaint, affidavit and undertaking of Taylor appear to have been legal, and the insufficiency of the affidavit in the original case could have no effect upon them, or upon the rights of Taylor under them.

The sections last quoted accord with the construction placed upon the former sections quoted, and confirm us in the correctness of the construction given. See, also, *Rugg* v. *Johnson*, 13 Ind. 4ε ; *Ryan* v. *Burkam*, 42 Ind. 507 ; and *Moore* v. *Jackson*, 35 Ind.. 360.

We think the facts stated in the complaint show a cause of action in favor of the appellant, and that the court erred in sustaining the demurrer. It may be conceded that, were it not for the sections of our statute which we have quoted, the rule would probably be otherwise. Drake Attach., sec. 411 *et seq.*

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

## ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing has been filed in this case, in which the position is reasserted, and ably argued, that the judgment of the court quashing the affidavit of Stout and another so completely terminated the attachment proceedings that the judgment in favor of Taylor, so far as it relates to the attached property, was invalid.

Counsel for the appellant has been again heard in an elaborate brief, in answer to the petition, insisting,

was executed by Hezekiah and Elliott. A motion was then made by Hezekiah to quash the attachment, on the ground of defects in the affidavit. At this stage of the case, Taylor, the appellant, became a party to the action, and filed his two complaints, affidavits and undertakings, as required by section 186 of the statute, above quoted.

We think when Taylor had thus become a party to the action, that he acquired an interest in or lien upon the attached property, that could not be lost by the quashing of the original attachment. When property has been attached, and an undertaking given for its delivery to be sold on any execution issued, the undertaking enures to the benefit of any creditor filing his claim under the attachment, as well as for the benefit of the original attaching creditor. As Taylor had filed his complaints, affidavits and undertakings before the affidavit of Stout and another was adjudged bad, and the attachment quashed, he had thus secured to himself a lien upon the property attached, and a right to demand its delivery to the sheriff to be sold on his judgment.

The quashing of the attachment as to the claim of Stout and another had no effect upon the lien of Taylor upon the attached property or his right to resort to the undertaking if the property was not delivered according to its terms. It was not necessary that Taylor should sue out a writ of attachment upon his affidavit, in order to acquire a right to resort to the property attached.

Sections 190, 191 and 192 of the act read as follows:

"If judgment in the action be rendered for the plaintiff, or one or more of several plaintiffs, and sufficient proof be made of the goods, chattels, rights, credits, moneys and effects in the possession of the garnishee, the court shall also give judgment in favor of the plaintiff or creditors against the garnishee, or the property of the defendant, or both, as the case may require, which may be enforced by execution."

"After judgment for the plaintiff, or one or more of several plaintiffs, property attached and remaining unsold may be sold on execution, as in other cases."

ERRATUM.

*Pages* 380, 381 *and* 382 *are placed in inverse order.*