Filed Jan. 26, 1884.

———◆———

No. 10,983.

## WOODS *v.* BROWN, GUARDIAN.

JUDGMENT.—*Review of.*—*Relief From.*—*Insanity.*—That a judgment was rendered on default without the service of process, and that the defendant therein was at the time insane, do not constitute, when alleged in a complaint, sufficient cause for any relief against the judgment, or for a review thereof, or to affect a sale of property upon execution issued thereon.

SAME.—*Default.*—*Summons.*—*Record.*—Where judgment has been taken on default, the summons and return are part of the record, whether incorporated in the entry or not.

From the Vigo Circuit Court.

*N. G. Buff* and *J. T. Pierce*, for appellant.

*C. F. McNutt, J. G. McNutt, S. C. Davis* and *S. B. Davis*, for appellee.

HAMMOND, J.—This was an action by the appellee, as

guardian of Elijah Pierson, a person of unsound mind against the appellant.

The material averments of the complaint were, in effect, as follows:

The Milburn Wagon Works Company obtained a judgment in the Vigo Circuit Court against Pierson on May 21st, 1874, for $120.70. In the same court, on the same day, J. F. Leiberling Company also obtained a judgment against Pierson for $94.85. These judgments were afterward assigned to one Dalton, who, on October 3d, 1877, assigned the same to the appellant. No copies of the records, except the judgments referred to, are filed with the complaint. From the copies of the judgments filed, it appears that the proceedings were in attachment, and that the claim on which the judgment of the J. F. Leiberling Company was rendered was filed under that of the Milburn Wagon Works Company. It was recited in the first judgment that Pierson was duly served with process ten days before the first day of the term, but such recital did not occur in the second judgment. Under executions issued upon these judgments, Pierson's real estate was sold at sheriff's sale to the appellant on June 27th, 1878, and, there being no redemption, a sheriff's deed, one year after such sale, was executed to the appellant. The complaint avers that at the time said judgments were rendered, Pierson was a person of unsound mind and incapable of transacting his own business, and had so remained since that time; that in proceedings for that purpose he was, by the proper court, on June 2d, 1881, adjudged of unsound mind, and the appellee was appointed as his guardian. It is averred that when the appellant took the assignment of said judgments, and purchased said real estate at sheriff's sale, he had notice of Pierson's unsoundness of mind. It is also alleged that said judgments were rendered against Pierson by default, and that no process was served upon him in said actions. The charge is also made in the complaint, that at the time of the commencement of the appellee's action, the appellant was prose-

cuting an action in the superior court of Vigo county, to recover possession of said real estate. The prayer of the complaint was that said judgments be set aside and the appellant restrained from prosecuting said action, and for all other proper relief.

The appellant demurred to the complaint, for want of facts sufficient to constitute a cause of action. His demurrer was overruled, an exception was taken to the ruling, and the sufficiency of the complaint presents the first question for our decision.

We have to regret that the appellee has not accommodated us with a brief, that we might have the benefit of the theory upon which the court below based its ruling in upholding the complaint.

But two sections of the statute occur to us under which there could be any color of ground for sustaining the appellee's claim for redress. The first is section 396, R. S. 1881, which authorizes the court within two years after the rendition of a judgment to relieve a party therefrom when the same was taken against him through his mistake, inadvertence, surprise or excusable neglect. The appellee's complaint was not filed until April 27th, 1882, nearly eight years after the rendition of the judgments complained of. It was therefore too late for relief under the section cited. Besides, a complaint under this section is insufficient unless it shows that the complainant has a valid and meritorious defence to the cause of action upon which the judgment complained of was rendered. *Yancy* v. *Teter*, 39 Ind. 305; *Nord* v. *Marty*, 56 Ind. 531. The complaint fails to show that Pierson had or has any defence whatever to the causes of action upon which the judgments were rendered. While it is charged that he was of unsound mind when they were rendered, this averment does not relate to the time when the causes of action originated; and even if he was then *non compos mentis*, this would not of itself invalidate such causes of action. It is not shown what the grounds of complaint were upon which

the judgments were rendered. Persons of unsound mind are responsible in civil actions for their torts, except slander. *Morse* v. *Crawford*, 17 Vt. 499 (44 Am. Dec. 349); *Morain* v. *Devlin*, 132 Mass. 87 (42 Am. R. 423); 7 Wait Actions and Defenses, 157. Pierson was not placed under guardianship for several years after the judgments were rendered. Those of unsound mind are liable on their contracts for necessaries; and where they are not under guardianship their contracts, in the absence of fraud or undue advantage by those contracting with them, may not be repudiated, without restoring what was received on such contracts, if the persons with whom the agreements were made were at the time of making the same ignorant of their mental incapacity. *Fay Burditt*, 81 Ind. 433 (42 Am. R. 142); *Copenrath* v. *Kienby*, 83 Ind. 18; *Behrens* v. *McKenzie*, 23 Iowa, 333; *Young* v. *Stevens*, 48 N. H. 133 (2 Am. R. 202); *Eaton* v. *Eaton*, 8 Vroom, (N. J.) 108 (18 Am. R. 716); *Beals* v. *See*, 10 Pa. St. 56 (49 Am. Dec. 573); *Lancaster County Bank* v. *Moore*, 78 Pa. St. 407 (21 Am. R. 24); *Crawford* v. *Scovell*, 94 Pa. St. 48 (39 Am. R. 766).

The other section of the statute to which we refer as probably being the basis of the appellee's complaint is section 616, R. S. 1881, which provides for the review of a judgment for any error of law appearing in the proceedings and judgment, or for material new matter discovered since the rendition thereof.

It is averred that Pierson was not served with process in the actions referred to, but it is not alleged that this error appears in the proceedings or judgment. In fact, the copies of the judgments filed with the complaint show, as already stated, that the proceedings were in attachment, and that Pierson was duly served with process in the case first commenced. This was sufficient, not only for that case, but also for the other filed under it. *Schmidt* v. *Colley*, 29 Ind. 120; *Ryan* v. *Burkam*, 42 Ind. 507; *Taylor* v. *Elliott*, 51 Ind. 375. The fact that Pierson was of unsound mind when the judg-

ments were rendered is no ground for their review. *Alexander* v. *Daugherty*, 69 Ind. 388.

The appellee's complaint shows no error of law appearing in the proceedings or judgments complained of, nor the discovery of any evidence since their rendition, and is therefore insufficient under section 616, *supra*.

The complaint finds no statutory support. But it is well settled in this State that judgments may be attacked for causes other than those provided by statute. Thus, it has been held that a judgment may be set aside for fraud in its procurement. *Nealis* v. *Dicks*, 72 Ind. 374; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Earle* v. *Earle*, 91 Ind. 27.

The complaint, however, makes no charge of fraud in the obtaining of the judgments. The alleged infirmities of the judgments are: 1. That they were taken by default without service of process upon Pierson; 2. That Pierson was of unsound mind when they were rendered.

It has already been observed that the complaint fails to disclose that Pierson has, or ever had, any valid or meritorious defence to the causes of action on which the judgments were predicated. Nor does the complaint show that anything has occurred since their rendition calling for equitable relief. In such case, the better opinion seems to be that a court of equity will not interfere, either to stay proceedings, or to set aside a judgment, on the ground of want of jurisdiction of the person of the judgment defendant. In *Williams* v. *Hitzie*, 83 Ind. 303, it was held that the collection of a judgment rendered before a justice of the peace would not be enjoined for want of jurisdiction, where there was no claim of payment of the judgment or denial of the cause of action upon which it was rendered. See, also, 1 High Inj., sections 125 and 126.

But, in the case at bar, the averments of the complaint are not sufficient to show that the court did not have jurisdiction of the person of the defendant in rendering the judgments complained of. The allegations that the judgments were rendered by default, and that no process was served upon Pier-

son, may be true without affecting the jurisdiction. His appearance to the actions would be a waiver of service of process, and if, after such appearance, he failed to answer within the time limited by the court, a judgment against him, as by default, would have been proper. Sections 345 and 401, R. S. 1881; *Floyd Co., etc., Ass'n* v. *Tompkins,* 23 Ind. 348; *Topf* v. *King,* 26 Ind. 391. If, regardless of equitable consideration, want of jurisdiction of the person of the defendant is sufficient ground to invoke the chancery powers of a court to set aside a judgment, the averment of facts should be sufficiently broad and explicit to show that, in truth, such jurisdiction was wanting.

The fact that Pierson, when the judgments were rendered, was of unsound mind, is not of itself sufficient to vacate the judgments. *Allison* v *Taylor,* 6 Dana, 87 (32 Am. Dec. 68); *Wood* v. *Bayard,* 63 Pa. St. 320; *Foster* v. *Jones,* 23 Ga. 168; *Sacramento Savings Bank* v. *Spencer,* 53 Cal. 737; *Stigers* v. *Brent,* 50 Md. 214 (33 Am. R. 317); *Johnson* v. *Pomeroy,* 31 Ohio St. 247.

The appellee's complaint stated no cause of action whatever, and the demurrer thereto should have been sustained.

The court, on the appellee's motion, struck out the second and third paragraphs of the appellant's answer, and sustained the appellee's demurrer to the fourth paragraph of answer. These rulings are complained of, but need not be considered, as the questions involved in the pleadings are disposed of in what we have said of the complaint.

There was a trial by the court, and finding and judgment for the appellee. The appellant's motion for a new trial was made and overruled. This ruling is also assigned as error. The summonses and sheriff's returns, showing that Pierson was duly served with process in each of the actions complained of, were offered in evidence by the appellant. Counsel for the appellant advise us in their brief that the court below held the judgments in question void because the summonses and sheriff's returns were not incorporated therein. The sum-

monses and returns thereto were parts of the record. Their incorporation into the judgments was unnecessary.

Judgment reversed, at appellee's costs, with instructions to the court below to sustain the appellant's demurrer to the complaint, and for further proceedings.

