First National Bank of Madison vs. Greenwood and others.

———————

FIRST NATIONAL BANK OF MADISON, Appellant, vs. GREEN-
WOOD and others, Respondents.

*April 11 — May 20, 1890.*

*February 28 — March 17, 1891.*

*Attachment: Execution: Waiver: Costs.*

1. The right to controvert the existence of the grounds for attachment alleged in the affidavits therefor is given by statute to the attachment debtor only. A judgment creditor seeking to secure to himself the proceeds of the sale of the attached property in the attachment suit has no such right.

2. In the absence of fraud, attachments issued in favor of real creditors, though first instigated by the debtors themselves, are valid when

First National Bank of Madison vs. Greenwood and others.

the proceedings are ratified by such creditors. Debtors have a right to prefer creditors by such means.

3. The lien of an attachment is not waived by the issuing of an execution in the ordinary form upon the judgment in the attachment suit, without any special reference therein to the personal property which has been attached in the suit or to the time when the attachment lien accrued.

4. A compliance with the requirement of sec. 2736a, S. & B. Ann. Stats., that the officer serving two or more attachments against the same defendant, and on the same property, shall make an inventory and appraisal in only one of the actions, and shall indorse on the copies of the writs served on the defendant in the other actions a notice that the property seized therein is the same property seized in the action wherein such inventory and appraisal are made, is jurisdictional, and a failure to make such indorsement is fatal to the continuance of the lien of such subsequent attachments, unless the defect is waived; but if the attachment defendant traverses the affidavits for attachment in those cases, he does thereby waive such defect, that being a general appearance in the actions.

5. Where the defect in the service and return of such subsequent attachments upon the same property has been so waived by the defendants, the lien of such attachments will continue and be held paramount to that of a creditor who has levied an execution on the property subsequent to the attachments.

6. A petition presented by a judgment creditor to a circuit court, attacking the validity of attachments in actions in that court, and claiming to be entitled to the proceeds of the sale of the attached property, is, in substance and legal effect, the commencement of an equitable action or proceeding in that court, and not an intervention in the several attachment suits, and though the court treats it as an intervention without objection, the successful party is entitled to costs.

APPEAL from the Circuit Court for *Jefferson* County.

This is a contest between creditors of the firm of A. Armstrong & Co., for moneys collected by the sheriff of Dane county on several executions against the partners in such firm, issued on judgments recovered against them by the several parties to this proceeding. The firm is insolvent. The facts are substantially as follows:

In January, 1889, five actions were commenced in the

circuit court of Dane county against the partners constitut-
ing said firm, by the respondents, respectively. The aggre-
gate amount of their demands was over $8,000. A writ of
attachment was issued in each action, and levied upon cer-
tain personal property of the debtors in the order in which
the attachments were issued. These levies were all made
in January, 1889.

The debtors traversed the affidavits annexed to such writs
of attachment, and thereupon the place of trial of all the
actions was duly changed to the circuit court of Jefferson
county. After depositions had been taken on the issues
made by the traverses, the same were withdrawn by the
debtors, and on June 20, 1889, judgment was recovered in
each action by the plaintiff therein. These judgments ag-
gregated nearly $9,000. An execution was thereupon issued
on each judgment to the sheriff of Jefferson county, and
transcripts of all the judgments were filed in the Dane
county circuit court. *Alias* executions were thereupon is-
sued on all the judgments to the sheriff of the latter county,
who advertised and sold the attached property under two
of the executions, for about $2,600. These two executions
were in the actions in which the attachments were first
levied, and were not fully satisfied by the proceeds of the
sale.

In February, 1889, the appellant, the *First National
Bank of Madison*, recovered judgment for over $1,500
against the same firm in the Dane county circuit court, is-
sued execution thereon, and caused it to be levied upon the
same personal property upon which the above-mentioned
five attachments had theretofore been levied. In May fol-
lowing, the appellant recovered another judgment in the
same court, against the same firm, for about the same
amount, issued an execution thereon, and caused it to be
levied upon the same property.

The appellant bank thereupon presented its petition, and

later its supplemental petition, to the circuit court of Dane county, attacking the validity of all the attachments above mentioned, and claiming to be entitled to the moneys realized by the sheriff on the sale of the property in question. Afterwards the bank presented a similar petition to the circuit court of Jefferson county, incorporating therein its petitions to the circuit court of Dane county. The petition was answered by affidavits on the part of the attaching creditors, and was summarily heard by the court. The court thereupon made an order dismissing the petition on the merits, with costs, and allowed costs, as in an action, at $96.15.

The bank appeals from the order dismissing its petition, and from the award of costs against it.

For the appellant the cause was submitted on briefs of *B. J. Stevens.* Among other things, he argued that this mode of procedure by petition is the only one by which the appellants can obtain adequate relief. It is in the nature of a proceeding *in rem,* to secure a fund in the hands of an officer of the court, and also of an application for leave to sue and have issues tried. The attachments, under which the sales creating the fund arose, were invalid because no legal grounds existed therefor, and the judgments in the actions were also invalid because entered by collusion, in order to give preferences. The right of attachment depends upon the statute, and cannot be conferred by consent. Waples, Attach. 105, 546; *Witte v. Meyer,* 11 Wis. 295; *Whitney v. Brunette,* 15 id. 81, 82; *Robertson v. Kinkhead,* 26 id. 571; Drake, Attach. secs. 194, 263; *Hopkins v. Langton,* 30 Wis. 379. There were numerous other defects in the attachment proceedings which were fatal to the jurisdiction. The attaching creditors have waived their liens by taking judgments and issuing executions in the ordinary form, instead of that prescribed by statute. Waples, Attach. 581, note *e; Lowry v. McGee,* 75 Ind. 508; *Smith v.*

First National Bank of Madison vs. Greenwood and others.

*Scott*, 86 id. 346; *U. S. Mortgage Co. v. Henderson*, 111 id. 24. Actions upon claims not yet due, like some of these, can be brought only by attachment, and in order to confer jurisdiction of the actions in those cases it was necessary to allege in the complaints the commencement of attachment proceedings. *Gowan v. Hanson*, 55 Wis. 341; *Davidson v. Hackett*, 49 id. 186. And in order to bind the attached property, the judgments should also give a lien. Waples on Attachment, pp. 460, 506–510, 586. The executions were also irregular in that they required the property to be sold as of the date of docketing the judgments, the effect of which was to remit the lien between the date of the attachment and that of the seizure on execution. The appearance of the defendants did not waive the defect, where the writ was served before the summons was issued. *Goodyear R. Co. v. Knapp*, 61 Wis. 103; *Cummings v. Tabor*, 61 Wis. 185; *Bell v. Olmsted*, 18 id. 69; *Blossom v. Estes*, 22 Hun, 472; 84 N. Y. 614. In this proceeding only $10 motion costs are taxable under sec. 2927, R. S. It was a mere order denying a motion.

For the respondents the cause was submitted on the brief of *Bashford & O'Connor.* They contended that intervening creditors had no right to traverse the affidavits for the attachments, nor any standing in a court of equity to attack the proceedings. *Howitt v. Blodgett*, 61 Wis. 376; *Rice v. Wolf*, 65 id. 1; *Meissner v. Meissner*, 68 id. 336; *Espenhain v. Meyer*, 74 id. 379. If there was real indebtedness to the attaching creditors, it was not a fraud upon other creditors for the debtors to instigate attachments for the purpose of giving preferences to them. *Landauer v. Vietor*, 69 Wis. 434; *Bayley v. Bryant*, 24 Pick. 198; *Ingram v. Osborn*, 70 Wis. 184; *Greene & Button Co. v. Remington*, 72 id. 654. The attachment liens were not waived by taking judgments and issuing executions in the ordinary form, since sec. 2749, R. S., prescribes that the judg-

ments shall be satisfied out of the property attached, and sec. 2969 how executions shall issue. The lien of the attachments is merged in the judgments and their priority preserved thereby.  Drake, Attach. sec. 224a;  Waples, Attach. secs. 510, 511; *Liebman v. Ashbacker*, 36 Ohio St. 94.  Such lien continues until a reasonable time has elapsed after judgment for the issue and levy of an execution. *Avery v. Stephens*, 48 Mich. 246; *Brown v. Williams*, 31 Me. 403; *Hannahs v. Felt*, 15 Iowa, 141; *Baird v. Trice*, 51 Tex. 556; *Am. Ex. Bank v. Morris Canal & B. Co.* 6 Hill, 362; *Swift v. Agnes*, 33 Wis. 228.

The following opinion was filed May 20, 1890:

LYON, J.  The circuit court of Dane county had no jurisdiction to grant the relief prayed in the petitions of the appellant, the *First National Bank of Madison*.  *Cardinal v. Eau Claire L. Co.* 75 Wis. 404, and other cases in this court, there cited.  Those petitions are only significant because they are incorporated in the petition of the bank to the circuit court of Jefferson county.  We may, therefore, dismiss from further consideration the proceedings in the former court.

In substance and legal effect the petition of the bank to the circuit court of Jefferson county was the commencement of an equitable action or proceeding to obtain a fund in the hands of the sheriff of Dane county, which the respondents also claimed.  The bank might have intervened in the several attachment suits, and prayed the same relief. Perhaps this would have been the better practice,— possibly the only correct practice,— but it was not resorted to.  Yet the circuit court seems to have treated the petition of the bank as such an intervention, and instead of requiring the procedure incident to the commencement of an original action, such as the issuing and service of a summons, formal pleadings, and a regular trial, disposed of the petition sum-

marily on affidavits and the records in the different actions, thus treating it, so far as the procedure is concerned, as a mere intervention by the bank in the five actions of the respondents, the attaching creditors of the insolvent firm. No objection having been taken to such procedure, we will not determine the question of the regularity thereof, but will dispose of the order appealed from upon its merits.

It should be observed preliminarily, that the rights of the respective parties in the fund in controversy must be determined on equitable principles, and that mere irregularities or defects in the proceedings in the attachment suits, not going to the jurisdiction of the court or the merits of the controversies, are of no importance, and will not be considered. Many such are claimed to exist, and in his argument the learned counsel for the bank has pressed them upon our attention with much earnestness, and at considerable length. We must be excused from considering them in detail, or even stating them, but will proceed directly to the consideration of the questions which go to the merits.

1. We have carefully examined the record in each of the five attachment suits, but fail to find in any of them any irregularity or defect affecting the jurisdiction of the court to issue the writs of attachment, or the sheriff to serve them. The affidavit annexed to each writ states sufficient grounds for executing the same, and is a substantial compliance with the requirements of the statute in that behalf. Neither do we discover any inconsistent averments in either affidavit, or any substantial defects in the service or return of the several writs. The existence of the alleged grounds for the attachments cannot be controverted by the bank. The right to do so is given to the attachment debtors alone, and it is entirely competent for them to abstain from interposing traverses, or to waive the same after they have been interposed, as was done in all of the attachment suits. *Landauer v. Vietor*, 69 Wis. 434, and cases there cited.

Hence, in the attachment suits it is a verity that sufficient grounds existed for executing the attachments. Moreover, it satisfactorily appears that the claim of each attaching creditor against the debtor firm is an honest one, upon which a writ of attachment may lawfully issue.

2. The two oldest attachments were issued at the instance of the debtors. Both of the creditors in whose behalf they were issued ratified the proceedings in their behalf,— one of them before the attachment was executed, and the other before any other attachment had been levied upon the property in question. In the absence of fraud (and we do not think any fraud was shown) it was competent for the debtors to prefer those creditors in that manner, and the fact that they thus instigated the attachments does not necessarily render them invalid. *Landauer v. Vietor, supra.*

Moreover, there are three other attachments, aggregating more than the fund in controversy, which the debtors did not instigate, and to the validity of which there seems to be no valid objection. These would defeat the petition of the bank, even were the other two held invalid.

3. It is claimed that the attachment creditors waived the lien of their attachments by issuing executions in the ordinary form on their judgments. The executions are in accordance with the requirements of S. & B. Ann. Stats. sec. 2969, subd. 1; that is to say, they command the sheriff to satisfy the judgment out of the personal property of the debtors, and, if sufficient personal property cannot be found, out of the real property belonging to them on the day when the judgment was docketed in the county, or at any time thereafter. Subdivision 2 of the same section provides that, if real estate shall have been attached, the execution may direct a sale of all the interest which the debtor had therein at the time it was so attached, or at any time thereafter. It will be observed that but one form of execution is provided as to personal property, and that form does not

First National Bank of Madison vs. Greenwood and others.

specify the time when the lien of the plaintiff accrued. No such process as a special execution against attached personal property is known to our statute. The executions in these cases were in the only form authorized by law. Clearly they covered all the rights in the attached property which the creditors obtained by their attachments, and the execution sale necessarily cut off all liens accruing subsequently to such attachments. We conclude, therefore, that there was no waiver by the respondents of their attachment liens upon the property in controversy.

4. Costs are given as in an action. This was correct. It has already been said that this proceeding is substantially an original action in equity, commenced by petition, and not a mere intervening motion in each of the attachment suits. Although the court treated the petition as an intervention in each attachment suit, that fact does not change the essential character of the proceeding.

5. In its petition the bank prayed that issues might be formed and tried as to the legality of such attachments and executions of the respondents. This was unnecessary. The material and controlling facts in the case are established by uncontroverted evidence, and no formal issues were necessary.

*By the Court.*— The order appealed from is affirmed.

On a motion for a rehearing there were briefs by *B. J. Stevens* and *J. D. Gurnee*, for the appellant, and *Bashford & O'Connor*, for the respondents. The motion was granted September 23, 1890.

On the rehearing, *B. J. Stevens* and *J. D. Gurnee*, for the appellant, contended that in order to create a lien by attachment it is indispensible that the officer omit no act in making the levy which the statute requires, and his return is the only proof thereof. *First Nat. Bank v. Jasper Co.* 71 Iowa, 486; *Wilder v. Holden*, 24 Pick. 8; *Metcalf v. Gil-*

*lett*, 5 Conn. 403; *Tiffany v. Glover*, 3 Greene (Iowa), 387. In this state it is essential to a valid levy of a second attachment against the same defendant upon the same property, that the officer make the indorsement required by sec. 2736*a*, S. & B. Ann. Stats., on the copy of the writ delivered to the defendant, and make return of that fact.

For the respondents there was a brief by *F. J. Lamb*, of counsel, and oral argument by *Mr. Lamb* and *Mr. H. W. Chynoweth*.

The following opinion was filed March 17, 1891:

LYON, J. This appeal was decided at the January term, 1890, of this court, and the order of the circuit court from which it is taken was affirmed. A motion for a rehearing was afterwards granted. The argument on such rehearing was confined to the question of the effect upon the case of sec. 1, ch. 249, Laws of 1883, as amended by ch. 259, Laws of 1885, which will be found in S. & B. Ann. Stats. as sec. 2736*a*. Such section reads as follows:

" In cases when two or more writs of attachment against the same defendant shall be executed on the same property, an inventory and appraisement shall be made in but one of the actions, and the officer executing such writs shall indorse on the copy thereof served upon the defendant a notice to such defendant that the property seized in such action is the same property seized in the action in which such inventory and appraisement are made, giving the title of such action; and such officer shall state in his return on such writs the fact of such indorsement."

The attachment of the *Greenwoods* is unaffected by sec. 2736*a*, because it was first served. Hence, under the former decision of this appeal, it is valid, and the *Greenwoods'* judgment should be paid out of the fund in the hands of the sheriff. The next attachment in order is that of the *Rosenbaums*, which, if valid, absorbs the balance of the fund in

First National Bank of Madison vs. Greenwood and others.

the hands of the sheriff. The subsequent attachments stand upon the same grounds with the attachment of the *Rosenbaums*, and, if that is valid, so also are such subsequent attachments. No further reference to the latter attachments is required. Is the *Rosenbaum* attachment valid as against the bank, which subsequently levied its execution upon the attached property? If it is, the fund in the hands of the sheriff, being the proceeds of the sale of such property, belongs to the *Rosenbaums*. If not, it belongs to the bank.

The sheriff made return both to the *Greenwood* and *Rosenbaum* attachments on February 1, 1889. The return to the *Greenwood* writ complies fully with the requirements of the statute in that behalf (R. S. § 2736), and shows a valid service of the writ. The return to the *Rosenbaum* attachment is to the effect that on January 22, 1889, by virtue thereof, he attached the same property attached in the *Greenwood* case (referring to the inventory and writ therein), subject to that attachment. Also that on the same day he regularly served on each defendant copies of the affidavit, writ, and undertaking in the attachment proceeding. Under sec. 2736a this return is defective in that it does not state that the sheriff indorsed on the copies of the writ served on the defendants a notice to them, respectively, that the property seized is the same seized, inventoried, and appraised in the *Greenwoods'* attachment. The fact of indorsing such notice on the copies served not being returned, and the particulars of the service being stated in the return in detail, we think the presumption is that no such notice was indorsed upon those copies. At least it cannot be presumed that such notice was so indorsed thereon. *Blodgett v. Hitt,* 29 Wis. 169.

On the day the attachments were returned (February 1, 1889) the defendants therein served upon the attorneys of the attaching creditors, pursuant to sec. 2745, R. S., a special answer in each proceeding, denying the existence of

the material facts stated in the attachment affidavits an-
nexed to the writs.  The first execution of the bank was
levied upon the attached property February 2, 1889.

An attaching creditor obtains his lien upon the attached
property by the issue of a writ of attachment and a valid
execution thereof.  The writ is executed when the officer
seizes the property under it, and makes an inventory thereof.
This is plain from the following clause in section 2736: " The
officer having the writ of attachment shall execute the same
without delay by seizing so much of the property of the de-
fendant, when the same can be found in his county, as will
be sufficient to satisfy the demand of the plaintiff, with costs
and expenses, and by making an inventory thereof."  But
such lien is contingent.  Its continuance depends upon the
performance of conditions subsequent.  In order to con-
tinue and preserve it, the other requirements of the statute,
such as the appraisal of the property, and the service and
return of the writ, must, unless they may be and are waived,
be complied with, or the lien is lost.  In that sense all these
requirements are jurisdictional.  In the *Rosenbaum* attach-
ment proceeding the sheriff's return shows an effectual exe-
cution of the writ, for it appears by his return that he seized
the property previously seized under the *Greenwood* attach-
ment, and refers to the inventory in that proceeding for a
description thereof.  Thus far he complied with secs. 2736
and 2737a, and the lien of the *Rosenbaums* on the attached
property vested.  But a condition subsequent, essential (un-
less waived) to a continuance of such lien, was not per-
formed, to wit, a proper service and return of the writ.

The defendants were all personally served with the sum-
mons, and afterwards appeared generally to the action.
They also appeared generally to the attachment proceeding,
for indisputably their traverse of the attachment affidavit
is such an appearance.  Under all the authorities, such ap-
pearance in any civil action is a complete waiver of any and

all defects in the service and return of process. The vital question is, therefore, does a general appearance to an attachment proceeding waive like defects in the service and return of the writ of attachment? This question calls for some consideration of the nature and incidents of the proceeding.

Attachment is a provisional remedy in a personal action, which, although subsidiary thereto, is separate and distinct from the procedure in the action proper. It partakes somewhat of the characteristics of a proceeding *in rem* in a case where there is only substituted service, and the defendant does not make a general appearance. In that case, however, it is not a proceeding with general notice,— that is, one irrespective of persons,— which is the proceeding *in rem* proper, binding upon all the world, but a proceeding with respect to a particular debtor, requiring special notice to him, and binding him alone. Waples, Attach. 474. If, however, the writ is personally served, or if the attachment debtor appears generally, the proceeding is usually *in personam.* Waples, Proc. in Rem, 723. Thus, in *Cooper v. Reynolds,* 10 Wall. 308, speaking of an attachment suit, the court says: "If the defendant appears, the cause becomes mainly *in personam,* with the added incident that the property attached remains liable, under the control of the court, to answer any demand that may be established against the defendant by the final judgment of the court; but, if there is no appearance of the defendant, and no service of process on him, the case becomes in its essential nature a proceeding *in rem,* the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff." This shows clearly that, in the opinion of that court, a general appearance by the defendant has the same effect that it does in a personal action proper, one of the incidents of which, as already observed, is to waive defects in the service and re-

First National Bank of Madison vs. Greenwood and others.

turn of process. Mr. Wade, in his treatise on the Law of Attachment and Garnishment, speaking of the effect of an appearance by defendant to challenge the truth of the facts alleged as grounds for the attachment, says: "The defendant's liability being fixed by the judgment, the property attached, if still within reach of the court's process, may be subjected to the execution in spite of all the defects in the attachment proceeding prior to judgment. However irregular and insufficient the proceedings may have been to give the court jurisdiction in attachment, they cannot vitiate the conclusion reached in the exercise of its ordinary common-law powers, with both parties present." (Section 44.) All this is in harmony with sec. 2643, R. S., which provides that "a voluntary appearance of a defendant is equivalent to a personal service of a summons upon him." In an attachment proceeding the writ performs the functions of a summons in a civil action.

Our own cases are in line with the above authorities. In *Williams v. Stewart*, 3 Wis. 773, service of a writ of attachment was attempted to be made by publication of notice under the statute. The notice was fatally defective, but the defendant appeared and traversed the affidavit, which was the basis of the attachment. Such appearance was held a waiver of the defect in the notice. In *Thomas v. Richards*, 69 Wis. 671, the attachment papers were not served on defendant, because he could not be found. It was held that his absence was a waiver of such service. Mr. Justice CASSODAY, who delivered the opinion of the court, said: "A statutory condition subsequent to the acquisition of jurisdiction may be dispensed with or waived; especially when such statute is for the benefit of the party waiving the same, and no public right or policy is thereby invaded." In *Wendel v. Durbin*, 26 Wis. 390, a judgment by default was vacated because of the omission of a material fact from the return of service of the summons; but

it is expressly said that the defect might have been waived.

There are many other cases in this court holding, more or less directly, the same rule. It is unnecessary to extend this opinion by further reference to them.

It may be said that the foregoing cases apply only when the defendant seeks to avoid the attachment or judgment, and does not apply when a creditor who has obtained a lien upon the attached property subsequently to that claimed under the attachment defectively served and returned claims the proceeds. We are not prepared so to hold. In this case the bank levied its execution while the attachment proceedings were *in fieri*, and we are inclined to think that it would be bound by any step the parties to the attachment proceedings might lawfully take therein, although affecting the jurisdiction of the court, and although taken after the levy of its execution. But, however that may be, the defendants appeared in the attachment proceeding, and thus waived the defective service and return, before the bank levied its execution upon the attached property. Under these circumstances, it is manifest that the bank is in no better position than the defendants would be in were they attacking the attachment.

It is believed there is no conflict of authority on the question of waiver here considered. We have examined very many of the numerous cases cited by the learned counsel for the bank, but we do not find in any of them that the question of waiver, as here presented, is determined or raised.

Considering our own statutes and decisions on the subject, as well as the utterances of the supreme court of the United States, and the doctrine laid down by elementary law-writers, whose treatises are constantly cited as authority, and believing the rule reasonable and just, we are constrained to hold that the defects in the service and return

of the *Rosenbaum* attachment were waived by the general appearance of the defendants in the attachment proceeding, and hence that the lien of the *Rosenbaums* upon the attached property was prior and paramount to that of the bank, and that they are entitled to the proceeds of the sale of such property in the hands of the sheriff. It follows that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.