Filed Sept. 15, 1891.

———————

No. 15,893.

LAUGHLIN *v.* HIBBEN ET AL.

MORTGAGE.—*Insanity of Mortgagor.*—*Setting Aside Decree of Foreclosure.*— Where a valid mortgage is executed by a husband, his wife joining, a decree of foreclosure will not be set aside because when it was rendered the husband was insane, at least where the defendant was a purchaser in good faith after a judgment for possession, and where there is no tender of payment.

From the Rush Circuit Court.

*J. B. Julian* and *J. F. Julian,* for appellant.

*J. A. New* and *W. Woods,* for appellees.

ELLIOTT, J.—The appellant alleges, in her complaint, that on the 9th day of August, 1880, she joined her husband in a mortgage to secure the sum of two thousand dollars borrowed by her husband of the appellee Gertrude Hibben, guardian of an infant ward; that on the 5th day of February, 1885, the mortgagee instituted a suit to foreclose the mortgage; and that a decree of foreclosure was rendered; that at the time the foreclosure suit was instituted the appellant's husband, David J. Laughlin, was insane; that the agent of the mortgagee was informed of the insanity of David J. Laughlin,

but represented to the appellant that it was not necessary to have a guardian appointed for him.   The appellee New answered the complaint by alleging the execution of the mortgage; that suit was duly brought and process served; that the appellant appeared and answered the mortgagee's complaint, but did not plead the husband's insanity; that trial was had upon the issue tendered by her answer, and a decree rendered; that the land was sold by the sheriff and purchased by the mortgagee, on the 9th day of May, 1889; that a deed was duly issued; that the judgment debtors refused to surrender possession, and an action was subsequently brought for possession; that judgment was rendered awarding possession to the plaintiff in that action, and under the writ issued thereon the appellant and her husband were ejected; that the defendant subsequently bought the land from Gertrude Hibben and paid full value therefor, and afterwards sold and conveyed it to the appellee Rock; that the defendant was ignorant of any infirmity in the title, and was a purchaser in good faith.   The cross-complaint of New, as well as the cross-complaint of Rock, sets forth substantially the same facts.

It is clear that the appellant has no cause of action.   Her husband made a contract, obtained two thousand dollars, executed a mortgage to secure it, and at the time this was done he was capable of contracting.   The subsequent loss of mind did not, of course, invalidate the contract.   As there was a valid mortgage, the mortgagee had a right to enforce it; for the subsequent insanity of the husband of the appellant could not take from the mortgagee the right to enforce her mortgage in due course.   The decision in *Woods* v. *Brown*, 93 Ind. 164, is directly in point, and precludes a recovery by the appellant.   That decision is fully sustained by the authorities, and it goes further than we are required to do here.   In this instance there was a valid mortgage supported by an adequate consideration; there was a decree in due course foreclosing the mortgage, and there was a

judgment for possession rendered in a subsequent action based upon the title derived from the sale on the decree, so that the case is much stronger than the one to which we have referred. The old and firmly established principle that equity will not annul a judgment, unless a defence is shown, is influential here, for it does not appear that there is any defence whatever to the mortgage. For anything that appears it would be useless to vacate the decree, since, as there is no defence to the mortgage, and no tender of payment, no good would be accomplished by vacating the decree of foreclosure. It would be unjust to the mortgagee to multiply costs where there is no defence, nor any attempt to do equity. It would be still more unjust to take title from the purchasers where two judgments are adverse to the claimant upon the question of title, and the purchasers bought in good faith.

Filed May 26, 1891; petition for a rehearing overruled Sept. 15, 1891.