(May 27, 1921.)

P. H. QUIRK, Respondent, v. DIANA MINES COMPANY, LTD., a Corporation, IDAHO HARDWARE & PLUMBING COMPANY, LTD., a Corporation, and JOHN J. QUINN et al., Appellants.

[198 Pac. 672.]

CONSTITUTIONAL LAW—ATTACHMENTS—PROVISIONS FOR PRORATING.

1. *Held*, that C. S., sec. 6781, providing that any creditor who, within sixty days after posting and publishing of notice of attachment shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor in the proceeds of defendant's property, is constitutional.

2. The purpose of posting and publishing notice of attachment is to give creditors of a defendant in an attachment action notice so that if they desire to prorate they may immediately

Publisher's Note.

1. Prorating proceeds of attached property among creditors, see note in Ann. Cas. 1913C, 285.

Legal meaning of term "prorate," see note in Ann. Cas. 1918C, 791.

commence and prosecute to final judgment their claims against the debtor.

3. It is the duty of plaintiff in an attachment action to inform himself as to whether or not the clerk has posted and published notice of the attachment, and to require the clerk to act in case of his failure so to do.

4. Creditors are not to be deprived of their right to prorate, if they commence their actions otherwise in time, on account of the failure of the clerk to perform his statutory duty, nor is the plaintiff in an attachment action entitled to any benefit resulting from such failure.

5. Posting and publication by the clerk of notice of an attachment, after the time fixed by the statute for giving notice, is not a nullity.

6. C. S., sec. 6781, is construed to mean that creditors who commence their actions within the time prescribed, had the clerk performed his statutory duty, and prosecute their claims to final judgment thereafter and within sixty days after the notice is posted and published, are entitled to prorate in the proceeds of the attached property.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Carl A. Davis, Judge.

Judgment refusing to permit certain judgment creditors to prorate in the proceeds of attached property. *Reversed and remanded.*

Charles M. Kahn and M. I. Church, for Appellants.

"The notice is not essential to give the writ validity and binding force. This notice is required solely in the interest of creditors of the defendant." (*Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038.)

"Every statute must be construed with reference to the object intended to be accomplished by it." (36 Cyc. 1110, 1111.)

The necessity of giving the printed notice being eliminated by actual notice to the subsequent attaching creditor, in another manner, as evidenced by bringing and prosecuting to judgment, their actions at law, the noncompliance of the clerk should not now be held to affect the rights conferred

upon subsequent creditors by the statute. (*Eccles Lumber Co. v. Martin,* 31 Utah, 241, 87 Pac. 713.)

Where the law has given a right to one person, it cannot be destroyed by the wrongful act of another. (*Sanford v. Kunkel,* 30 Utah, 379, 85 Pac. 363, 1012.)

J. R. Smead and Elliott & Healy, for Respondent.

Where a statute is uncertain and indefinite as to the method or means of its execution, it is invalid and of no force or effect. (*Hettinger v. Good Road District No. 1,* 19 Ida. 313, 113 Pac. 721; *Knight v. Trigg,* 16 Ida. 256, 100 Pac. 1060.)

Such a statute, creating as it does new rights and imposing correspondingly new liabilities, must be strictly construed. (*Ahern v. Board of Directors of High Line Irr. Dist.,* 39 Colo. 409, 89 Pac. 963; *Hunt v. Burns,* 90 Minn. 172, 95 N. W. 1110; *Smith v. Boston etc. R. Co.,* 99 App. Div. 94, 91 N. Y. Supp. 412, affd. 181 N. Y. 132, 73 N. E. 679; *Ohio v. Stunt,* 10 Ohio St. 582.)

Among those matters as to which special legislation is prohibited are the regulation of the practice of courts of justice and the creation, extension and impairing of liens. (Const., art. 3, sec. 19.)

Sec. 6781, C. S., in attempting to create substantive rights in certain persons, discriminates against certain members of a class of persons and in favor of others of the same class. (*Bear Lake County v. Budge,* 9 Ida. 703, 108 Am. St. 179, 75 Pac. 614.)

In an attempt to take from first attaching creditors the fruits of their vigilance, the legislative body should confine itself to a classification of such persons which should include all of them and make all equally subject to the provisions of the statute. However, this was not done. (*Kimball v. Raymond,* 9 Ida. 176, 179, 72 Pac. 957.)

The prorating provisions were added to this statute in 1895, long after the original statute had been in operation as a part of a procedure which, both as to this statute and

as to other statutes forming parts of the whole procedure, had always been strictly construed, and under which one seeking an attachment was required to comply specifically with the details of the legislation. (*Murphy, Grant & Company v. Zaspel,* 11 Ida. 145, 81 Pac. 301; *Kerns v. McAulay,* 8 Ida. 558, 69 Pac. 539; *Gatward v. Wheeler,* 10 Ida. 66, 77 Pac. 23; *Eagleson v. Rubin,* 16 Ida. 92, 100 Pac. 765.)

RICE, C. J.—On August 9, 1917, respondent commenced an action against the Diana Mines Company, Ltd., and on the same day procured the issuance of an attachment in the action which was placed in the hands of the sheriff of Boise county and served August 10, 1917. Notice of the attachment was posted and published by the clerk on October 20, 1917. Appellant creditors, eight in number, commenced actions against the Diana Mines Company more than two days after the issuance of the writ of attachment, and recovered judgments within sixty days after the posting and publication of the notice thereof. Two of the appellants recovered judgments within sixty days after the notice should have been posted and published according to law. Appellants placed executions in the hands of the sheriff of Boise county, who had served the writ of attachment, and informed him that they claimed the right to prorate in the proceeds of the attachment. It was stipulated that the posting and publication of the notice of attachment by the clerk was without the knowledge of respondent or any representative of his, and was not acquiesced in by him then or at any subsequent time; that the failure and neglect of the clerk to post and publish the notice at the time specified by law was not known to respondent or any representative of his at the time, nor until the early part of October, 1917. The court denied appellants the right to prorate in the proceeds of the attachment. Its refusal was based upon the ground that the notice of the issuance of respondent's writ of attachment, published by the clerk on October 20, 1917, was the voluntary act of the clerk, without warrant or

authority in law, and was therefore a nullity and did not afford any of appellants the right to prorate in the proceeds of respondent's attachment; and further, that the sheriff had and has no authority to determine the right of the creditors to prorate in the proceeds of respondent's writ of attachment, but is bound by the terms of the writ which had been placed in his hands, and should follow strictly the directions therein contained until such time as he may be directed or ordered to do otherwise by the judgment or order of a court of competent jurisdiction in the premises.

The statute involved in the consideration of this appeal is C. S., sec. 6781, which, so far as it is material, is as follows: " . . . . and two days after issuing such writ and delivering it to the proper officer, the clerk must post at the front door of the courthouse, and cause to be published in some newspaper published in the county, if there be one, a notice setting out the title of the cause and the fact that an attachment has been issued against the property of the defendant. Such notice shall be kept posted at least ten days and shall be published, if in a weekly paper, in three issues thereof, and if any other than a weekly paper in at least six issues. Any creditor of the defendant, who, within sixty days after the first posting and publication of such notice, shall commence and prosecute to final judgment his action for his claim against the defendant, shall share *pro rata* with the attaching creditor in the proceeds of the defendant's property where there is not sufficient to pay all judgments in full against him."

Respondent insists that the provisions of the statute quoted above are unconstitutional and void. The constitutionality of this statute was considered in *Greene v. Rice,* 32 Ida. 504, 186 Pac. 249, and it was there decided that the law was valid. Practically all of the objections presented by respondent in this case were there considered, and we now reaffirm the decision in the Greene case. In that case, speaking through Mr. Justice Budge, the court said: "The manifest purpose of the act is to provide a fair and equitable

distribution of the available and attached assets of the debtor.''

The statute provides that two days after issuing the writ of attachment, and delivery to the proper officer, the clerk *must* post and cause to be published a notice of the attachment. We are called upon in this case to determine the consequences, if any, which result from a failure of the clerk to post and publish the notice of attachment two days after the issuance of the writ as directed by the statute and his actual posting and publication seventy-two days thereafter.

In *Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038, it is said: ''This notice is not issued to the defendant in the attachment proceedings, nor is it for his benefit. The notice is not essential to give the writ validity and binding force. This notice is required solely in the interest of creditors of the defendant. The closing sentence of section 4304 (now C. S., sec. 6781) indicates clearly this intention and provides the things to be done by any creditor who shall desire to 'prorate with the attaching creditor.' ''

The purpose of the statute is to give notice to creditors of a defendant in an attachment action, so that if they desire to prorate they may immediately commence and prosecute to final judgment their claims against the debtor. If they obtain notice by any other means and commence their actions and prosecute them to final judgment, are they precluded from prorating in the proceeds of the attachment on account of the failure of the clerk to obey the direction of the statute, by reason of the provision of the statute that any creditor of the defendant who, within sixty days after the first posting and publication of notice, shall commence and prosecute to final judgment his action or claim against the defendant shall share *pro rata* with the attaching creditor?

The right to prorate does not depend upon whether or not the creditor actually is cognizant of the posting and publication of the notice. Under the statute, if he com-

menced his action after the posting and publication of the notice and obtained judgment within sixty days, he is entitled to prorate whether his action in bringing suit was prompted by a knowledge of the giving of notice or not.

It is contended that the duty of giving the notice was placed by law upon the clerk and not upon the plaintiff in an attachment action, and that the plaintiff has no control over the action of the clerk. Though the duty of giving notice devolves upon the clerk, the plaintiff cannot excuse his lack of knowledge as to whether or not the clerk has performed his duty. The publication is at plaintiff's expense; his interests are materially affected by the action of the clerk, and it is his duty to inform himself as to whether or not the clerk has acted, and it is within his power to compel the clerk to act.

Creditors are not to be deprived of their right to prorate, if they commence their actions otherwise in time, on account of the failure of the clerk to perform his statutory duty, nor is respondent entitled to any benefit resulting from the failure of the clerk since he neglected to cause the clerk to do his duty. Neither is the giving of notice seventy-two days after the issuance of the writ a nullity. Statutes fixing the time within which an officer is to perform a duty, so far as the rights of third persons are affected thereby, are usually held to be directory rather than mandatory. The respondent could have compelled the clerk to give notice at any time. He is not entitled to the benefit of the limitation fixed in the statute until the time prescribed has expired after the actual giving of the notice.

The statute, therefore, must be construed to mean that creditors who commence their actions within the time prescribed had the clerk performed his statutory duty, and prosecute their claims to final judgment thereafter and within sixty days after the notice is posted and published, are entitled to prorate.

We recognize the fact that the right to prorate is purely statutory and that creditors have no such rights except as

obtained from the statute. When conditions arise, as in this case, where the clerk has failed to perform his duty, it becomes necessary to construe the statute which is plain when its provisions have been followed. We think a correct construction of the statute prevents the failure of an officer to do his duty from depriving parties litigant of valuable rights. Nor can a plaintiff obtain valuable rights through official failure, where he has neglected to cause the officer to do his duty.

The judgment appealed from is reversed, and the cause remanded for further proceedings in accordance with this opinion. Costs awarded to appellants.

Budge, McCarthy, Dunn and Lee, JJ., concur.