(No. 4566.   June 30, 1927.)

## FIRST NATIONAL BANK OF PORTLAND, a Corporation, Appellant, v. DENBRAE SHEEP COMPANY, a Corporation, and UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Respondents.

[258 Pac. 365.]

ATTACHMENT — REDELIVERY BONDS — FAILURE TO APPEAR AND CLAIM RIGHT TO PRORATE, EFFECT—RIGHT OF INTERVENTION—COMPLAINT, INSUFFICIENCY OF—NO RECOVERY WITHOUT SETTING ASIDE ORDER.

1. Where plaintiff in action to recover on redelivery bonds, given under C. S., sec. 6811, on attachment in another action in same court, brought its action against the same defendant within time prescribed by Sess. Laws 1921, chap. 206, but made no appearance and did not call court's attention that it was attempting to benefit by attachment herein or claim right to prorate in proceeds of property, recovery could not be had on redelivery bonds after dismissal of attachment lien by stipulation, since plaintiff had duty of making issue as to right to prorate.

2. Under C. S., sec. 6655, one claiming an interest in attached property has a right to intervene in the action in which it is attached.

3. Complaint in action on redelivery bonds, given under C. S., sec. 6811, on attachment in another action alleging dismissal of lien of attachment by stipulation, without alleging that plaintiff appeared in attachment proceedings or gave notice of claimed right to prorate, *held* insufficient to authorize setting aside of order of dismissal and exoneration of bond.

4. Recovery cannot be had in proceedings on redelivery bonds, given under C. S., sec. 6811, on attachment in another action without adjudication that order dismissing attachment suit and exonerating bond be set aside.

---

Publisher's Note.

2. See 2 R. C. L. 881.

See Attachment, 6 C. J., sec. 562, p. 303, n. 28, p. 304, n. 29; sec. 722, p. 346, n. 66; sec. 754, p. 354, n. 62 New; sec. 761, p. 355, n. 79; sec. 831, p. 373, n. 28.

Judgments, 34 C. J., sec. 759, p. 485, n. 30; sec. 769, p. 490, n. 23; sec. 772, p. 491, n. 33.

APPEAL from the District Court of the Seventh Judicial District, for Washington County.    Hon. B. S. Varian, Judge.

Action on two redelivery bonds.    Judgment for defendants.    *Affirmed.*

Frank D. Ryan, for Appellant.

A number of states having statutes somewhat similar to ours have discussed the right of other creditors to a prorate distribution of the proceeds of property attached by the first attaching creditor, the authorities and cases to which we desire to call the court's attention being as follows: 6 C. J., pp. 303 and 341; *Shirk v. Wilson,* 13 Ind. 129; *Phoenix Iron Co. v. New York Wrought Iron R. R. Chair Co.,* 27 N. J. L. 484; *Taylor v. Elliott,* 51 Ind. 375; *Hanness v. Smith,* 22 N. J. L. 332.

The judgment in the Hand case exonerating the bonds from liability and releasing the attached property was void as against appellant as it was not a party to that action. (*Weil v. Defenbach,* 36 Ida. 37, 208 Pac. 1025; 37 C. J., pp. 514 and 526.)

Under the provisions of chap. 206 of the 1921 Session Laws a redelivery bond given by a defendant in an attachment is as much for the benefit of any subsequent creditor bringing suit within the thirty-day period and diligently prosecuting such suit to judgment, as it is for the benefit of the attaching plaintiff, and any such subsequent creditor has a right of action upon redelivery bond. (*Phoenix Iron Co. v. New York Wrought Iron R. R. Chair Co., supra; Taylor v. Elliott, supra; Shirk v. Wilson, supra; Hanness v. Smith, supra; Smith v. Bowden,* 23 Fla. 150, 1 So. 314.)

Under the circumstances involved here, appellant was diligent in prosecuting its action to judgment, and the matter of diligence is a relative one depending upon the facts and circumstances of each case.    Here the Hand case had not been reduced to a judgment when appellant took its judgment against the Denbrae Sheep Company and no delay or other injury had been occasioned anybody.    So that under

the circumstances appellant was diligent in obtaining judgment.   (18 C. J. 1038.)

J. W. Galloway, for Respondent Denbrae Sheep Company.

The complaint shows on its face that the action against the Denbrae Sheep Company was not diligently prosecuted to final judgment.   (18 C. J. 1039.)

There is no allegation of collusion or fraud directly or indirectly against the respondents, or either of them, which would entitle appellant to a vacation of the judgment of dismissal and holding defendants liable on the bonds.   In order to set aside a judgment the facts constituting the alleged fraud must be set out in the pleadings.   (9 Cyc. of Pleading & Prac., Fraud, pp. 691, 694; 27 C. J., sec. 148; *Davis v. Chalfant,* 81 Cal. 627, 22 Pac. 972; *Pension Mutual Life Ins. Co. v. Whiteley,* 261 Pa. 304, 104 Atl. 658.)

A judgment of dismissal cannot be collaterally attacked in the absence of want of jurisdiction, or fraud and collusion. (*Connolly v. Miller,* 22 Neb. 82, 34 N. W. 76; *Dunn v. Dunn,* 114 Cal. 210, 46 Pac. 5; *Estate v. Hanika,* 138 Pa. 330, 21 Am. St. 907, 22 Atl. 90.)

The conditions of the redelivery bonds are contingent upon the plaintiff in the action securing a judgment against the defendant in the attachment action.   (6 C. J., pp. 341, 346, 351, 353; *Schunack v. Art Metal Novelty Co.,* 84 Conn. 331, 80 Atl. 290; Brandt on Suretyship, 3d ed., secs. 540, 546; *Miller v. Stewart,* 9 Wheat. (U. S.) 680, 703, 6 L. ed. 189, 195; *City of Butte v. Bennetts,* 51 Mont. 27, Ann. Cas. 1918C, 1019, 149 Pac. 92; 9 C. J., Bonds, sec. 51; C. S., secs. 6810–6812; *Rosenthal v. Perkins,* 123 Cal. 240, 55 Pac. 804; *Turner v. Fidelity & Deposit Co.* (Cal. App.), 194 Pac. 58.)

Gustin & Pence and John J. McCue, for Respondent United States Fidelity & Guaranty Co.

The complaint shows on its face that the action brought by appellant against the Denbrae Sheep Co. was not diligently prosecuted to judgment.   (Sess. Laws 1921, chap. 206; 18 C. J., p. 1039; *Vollmer v. Spencer,* 5 Ida. 557, 51

Pac. 609; *Quirk v. Diana Mines Co.,* 34 Ida. 30, 198 Pac. 672; 6 C. J., p. 36.)

The conditions of the redelivery bonds and the statute upon which appellant bases its action are contingent upon the plaintiff in the Hand action securing a judgment against the Denbrae Sheep Co. (32 Cyc. 686; *Kimball v. Raymond,* 9 Idaho, 176, 72 Pac. 957; *Green v. Rice,* 32 Ida. 504, 186 Pac. 249; *Jenkins & Co. v. McKenzie,* 39 Ida. 291, 226 Pac. 1069; Brandt on Suretyship, 3d ed., secs. 540 and 546; 6 C. J., Attachment, sec. 708; *Creswell v. Woodside,* 8 Colo. App. 514, 46 Pac. 842; *Rosenthal v. Perkins,* 123 Cal. 240, 55 Pac. 804; *Turner v. Fidelity & Dep. Co.* (Cal. App.), 194 Pac. 58.)

A judgment of dismissal cannot be attacked in the absence of want of jurisdiction, fraud or collusion. (*Connolly v. Miller,* 22 Neb. 82, 34 N. W. 76; *Harpold v. Doyle,* 16 Ida. 671, 102 Pac. 158; *Clark v. Rossier,* 10 Ida. 348, 78 Pac. 358; *Dunn v. Dunn,* 114 Cal. 210, 46 Pac. 5; *Estate of Hanika,* 138 Pa. 330, 21 Am. St. 907, 22 Atl. 90.)

TAYLOR, J.—Plaintiff appeals from a judgment entered after a demurrer to its complaint was sustained. Plaintiff brought this action to recover judgment against defendant Denbrae Sheep Company and United States Fidelity & Guaranty Company upon two redelivery bonds given under C. S., sec. 6811, on attachment in another action in the same court, wherein one Hand was plaintiff and Denbrae Sheep Company a defendant.

The material allegations of the complaint are: That in an action by Hand in the district court, property of the defendant Denbrae Sheep Company was attached on October 13, 1923; that the clerk posted statutory notice of the attachment, and the first publication thereof, as required by C. S., sec. 6781, as amended by Sess. Laws 1921, c. 206, was made upon October 18, 1923; that on November 14, 1923, plaintiff brought an action against the same defendant upon a promissory note; that summons was served upon November 23, 1923, the default of the defendant entered on

July 7, 1924, and judgment rendered the same day in favor of the plaintiff, for the amount due on said note and the attorney's fees and costs; that plaintiff placed an execution in the hands of the sheriff on July 22, 1924, which execution was thereafter returned unsatisfied by reason of facts hereinafter recited.

In the meantime, on November 16, 1923, the defendant Denbrae Sheep Company, in the action of *Hand v. Denbrae Sheep Company,* served notice of a motion to have the court fix a bond to release the property from attachment. Thereupon, the parties to that action stipulated that in lieu of appearance upon such motion, the property should be appraised, and the court should, upon such appraisal, make an order discharging the property from attachment upon defendant's execution of a bond in statutory form in the amount fixed by the report of the appraisers. The court, in pursuance of this stipulation and appraisal, ordered certain property released upon the giving of a bond in the amount fixed by the appraisal, $6,281.72. This bond was executed, filed and approved December 4, 1923, given by the defendant Denbrae Sheep Company and United States Fidelity & Guaranty Company, and the property was redelivered to the defendant sheep company. By similar procedure, another redelivery bond was given in the sum of $2,091.90, and approved on January 10, 1924, and further property released. This bond is the basis of the second cause of action.

About January, 1924, plaintiff Hand filed an amended complaint. The Denbrae Sheep Company did not appear or file an answer, and thereafter its default was entered therein; that before the entry of this default, the Portland Cattle Loan Company and the Brownlee Sheep Company, corporations, each filed separate complaints in intervention in the Hand action, and asked to be made parties to said action, each setting up and claiming some interest in the property which had been attached and seized by the sheriff under the writ of attachment. To each of these complaints in intervention, the plaintiff Hand filed a separate answer

alleging "that she was not interested in the question of whether or not the intervenors had any interest in the property attached, because and by reason of the giving and filing of the redelivery bonds" in that matter.

That after plaintiff herein had obtained judgment in its action, counsel for the plaintiff Hand and counsel for the intervenors Portland Cattle Loan Company and Brownlee Sheep Company in the Hand action, without knowledge or consent of plaintiff, appeared before the judge of the district court on August 2d, "and moved and caused the said judge of said court to enter an order in said Hand action, dismissing the same, and attempting and purporting to discharge the property which had been attached from the lien of attachment in said Hand case, and attempted and purported to discharge the sureties on said redelivery bonds from further liability thereunder."

Plaintiff alleges, upon information and belief, that prior to August 2, 1924, the Portland Cattle Loan Company had taken chattel mortgages on the attached property, and paid to the plaintiff Hand $3,200, more or less, in cash, and in consideration thereof plaintiff Hand assigned, transferred and delivered to the Portland Cattle Loan Company all rights, claims and demands that she possessed under and by virtue of her claims set forth in the Hand suit, and that at the time of the dismissal of the Hand action, all of plaintiff Hand's interest in the claims sued upon was owned by the Portland Cattle Loan Company, and that she had no further interest therein, and that the real party in interest in the Hand action was the Portland Cattle Loan Company.

That some 15 to 20 days prior to August 2d, the attorney for plaintiff notified the attorney for the intervenors Portland Cattle Loan Company and Brownlee Sheep Company, that plaintiff herein "had obtained its judgment against the said Denbrae Sheep Company" for the amount claimed herein.

That the action of *Hand v. Denbrae Sheep Company* was dismissed, and that attorneys for the parties who procured

the order of dismissal attempting and purporting to discharge the sureties on the redelivery bonds "did so, for the purpose of cheating, hindering, defrauding and preventing this plaintiff from procuring and realizing the moneys due it under said redelivery bonds, and they did so knowingly, wilfully, and with the fraudulent intent and purpose at said time of so hindering, cheating, defrauding and preventing this plaintiff from realizing on said redelivery bonds, and with the knowledge on their part at the time that this plaintiff had a lien on the moneys represented by said redelivery bonds, and was claiming the same and was intending to enforce collection of its demands against the defendants in this action." (Denbrae Sheep Company and United States Fidelity & Guaranty Company.)

That the acts of the judge, in signing, making and entering the order purporting and attempting to discharge the sureties on the redelivery bonds from liability thereon, were done without the knowledge, upon the part of the court, of the existence of this plaintiff's lien and claim and rights upon said redelivery bonds, under the provisions of chapter 206 of the Session Laws of 1921.

The complaint then alleges the conclusion of the pleader that the acts and order of the court in attempting to relieve the sureties from the obligations of said bonds, were and are void and of no· effect, and this plaintiff is entitled to recover herein the full penal sums of said bonds.

The complaint further alleges that plaintiff delivered to the sheriff, in its action against the Denbrae Sheep Company, an execution upon the judgment therein; that the return of the sheriff shows that most of the property redelivered to the defendant in the Hand action was hay, and had been consumed; that the remainder thereof was covered by chattel mortgages to the Portland Cattle Loan Company, and for that reason the sheriff refused to levy upon it, and the execution was returned unsatisfied.

[1] The material question to be determined in this action is in effect stated in the conclusion pleaded by the plaintiff, that it is entitled to maintain this action against the defend-

ant and the surety company upon the redelivery bonds executed in the Hand case, by reason of having commenced its action within the time prescribed by chapter 206 of the Session Laws of 1921, and that the "liens against said attached property and the right of action on any bond or bonds executed and given by the defendants herein in said Hand action, inured to the benefit of this plaintiff," under the provisions of that chapter.

The plaintiff made no appearance or attempt to appear in the Hand case, did not in any way call to the attention of the court, by proceedings in that case, that it was attempting to secure the benefit of the attachment therein; in no way advised the court in that action of any claimed right to prorate in the proceeds of the property attached therein; did not at any time move therein against the order dismissing that action or dissolving the attachment or releasing the sureties.

Appellant cites, in support of its contentions that a redelivery bond such as here, although conditioned to redeliver the attached property or pay the plaintiff "in case the plaintiff recover judgment in the action," inures to its benefit, decisions of other courts wherein such bond has been held to be answerable to any subsequent creditor, but in each and all of those jurisdictions where such holding has been made, perhaps even in disregard of a dismissal of the original attachment, or of the defendant recovering there instead of the attaching plaintiff, statutory provisions require the subsequent creditor to become a party to the attachment action, and it is therein that a prorating is determined. (*Hanness v. Smith,* 22 N. J. L. 332; *Phoenix Iron Co. v. New York Wrought Iron R. R. C. Co.,* 27 N. J. L. 484; *Taylor v. Elliott,* 51 Ind. 375. See, also, *Rouss v. Wallace,* 10 Colo. App. 93, 50 Pac. 366.)

Appellant's pleading of the dismissal of the Hand action and exoneration of the redelivery bond must be accepted in effect most strongly against it as an adjudication of those matters, final until set aside.

"Consequently such a judgment cannot be collaterally attacked in courts of the same state by showing facts *aliunde* the record, although such facts might be sufficient to impeach the judgment in a direct proceeding against it." (*Weil v. Defenbach*, 36 Ida. 37 (44), 208 Pac. 1025.)

The weakness of plaintiff's position is that it pleads that in an action where the court, but for the fraud alleged, had a right to enter a judgment or order of dismissal, and thereby in effect or by an additional order exonerate the redelivery bond, exactly that was done.

[2]   The intervenors in the Hand action, Portland Cattle Loan Company and Brownlee Sheep Company, tendered therein an issue as to their interest in the attached property. One claiming an interest in attached property has a right to intervene in the action in which it is attached. (C. S., sec. 6655; *Kaesemeyer v. Smith*, 22 Ida. 1, 123 Pac. 943, 43 L. R. A., N. S., 100; *Pence v. Sweeney*, 3 Ida. 181, 28 Pac. 413.)

Plaintiff, claiming a right by reason of commencing an action within 30 days of the commencement of the Hand action, must have been at least as cognizant of the issues therein as it demands that the parties thereto be of its action.

Plaintiff, having a right to intervene in an action in which it claims a right, in which in fact by law it gains the only right which it had or claims—a right to prorate under the statute in the property therein involved—owed a duty to the parties, the court, and itself, to take steps to have the title therein, and its right to prorate in the property, made an issue in the action in which that issue was tendered to the court, wherein the parties with which it had a right to prorate, if any, and the property in which it claimed such right, were before the court.

Plaintiff took no such steps while the property or the bond for redelivery was before the court in an action in which that matter was properly determinable, but suffered that action and those claims, making adverse claims to the attached property, to be before the court for at least six months after the complaints in intervention were filed, and

as to one bond seven months after it was given, and after that length of time when the court in which it could have tendered such issue determined the matter in an action in which plaintiff could have, but did not appear, it now asks that, without making parties the only ones which it charges with fraud, and without alleging any fraud against the present parties, it be permitted to import that issue into this case, and set aside the dismissal of that case and the exoneration of the bond in this collateral way.

[3]  Considered as an action to set aside the order of dismissal and exoneration of the bond, in effect a judgment, the complaint is wholly insufficient for such purpose. (34 C. J., p. 485, sec. 759, p. 490, sec. 769, p. 491, sec. 772.) [4] Without an adjudication that the order dismissing the attachment suit and exonerating the bond be set aside, there can be no recovery in this action, nor can such adjudication be had herein under the allegations of the complaint.

The judgment is affirmed.  Costs to respondents.

Wm. E. Lee, C. J., and T. Bailey Lee, J., concur.

BUDGE, J., Dissenting.—The statement of facts in the majority opinion is substantially correct, and it will be noted therefrom that Hand brought her action against the Denbrae Sheep Company and attached a considerable amount of personal property, which property was released upon redelivery bonds given by respondents. Appellant obtained its judgment after the property had been released by the giving of the redelivery bonds. Prior to the entry of the order of dismissal in the Hand action, appellant's attorney notified the attorney for the intervenors therein that appellant had obtained judgment against the Denbrae Sheep Company.

One of the vital questions involved is whether appellant, having filed its original action against the Denbrae Sheep Company within thirty days from the first publication of notice of attachment in the Hand case, and securing judgment prior to the order of dismissal of said Hand case, acquired such a right under the attachment proceedings in

the Hand case, by virtue of chap. 206 of the 1921 Session Laws, that it could not be deprived of such right against the attached property or its alleged right of action on the re-delivery bonds given for the release of such attached property.

Chapter 206 of the 1921 Session Laws, in so far as applicable to the case under consideration, contains the following provision:

"Any creditor of the defendant, who, within 30 days after the first posting and publication of such notice (of attachment) shall commence and thereafter diligently prosecute to final judgment his action for his claim against the defendant shall share *pro rata* with the attaching creditor in the proceeds of defendant's property where there ·is not sufficient to pay all judgments in full against him."

This statute, in substance, has been before this court upon previous occasions, and held to be constitutional. *Quirk v. Diana Mines Co., Ltd.,* 34 Ida. 30, 198 Pac. 672, wherein, in the course of that opinion, this court, speaking through former Chief Justice Rice, said:

"Respondent insists that the provisions of the statute quoted above are unconstitutional and void. The constitutionality of this statute was considered in *Greene v. Rice,* 32 Ida. 504, 186 Pac. 249, and it was there decided that the law was valid, . . . . and we now reaffirm the decision in the Greene case. In that case . . . . the court said: 'The manifest purpose of the act is to provide a fair and equitable distribution of the available and attached assets of the debtor.' "

Further on in the opinion in *Quirk v. Diana Mines Co., Ltd., supra,* this language is used:

"Under the statute if he (a creditor other than the attaching creditor) commenced his action after posting and publication of the notice and obtained judgment within sixty days, he is entitled to prorate whether his action in bringing suit was prompted by a knowledge of the giving of notice or not."

There is also authority to the effect that the purpose of the statute is to prevent the piling up of additional costs to eat into the debtor's assets by successive levies of attachment.

It would seem that a fair construction of chap. 206, *supra,* would be that an attachment caused to be issued by the first attaching creditor inures to the benefit of all subsequent creditors where a compliance with the statute is shown, and that an officer taking possession of the property attached holds the same for the benefit of not only the attaching creditor but for the benefit of all other creditors who diligently prosecute their claims to judgment.

When the redelivery bonds were given, the provisions of chap. 206 became a part of the bonds, and would be read into them, and the lien of statute-complying creditors under the attachment, upon the giving of the redelivery bonds, would run against the bonds to the same extent and to like effect as against the attached property. The redelivery bonds took the place of the personal property released, and were for the benefit of all creditors coming within the provisions of chap. 206 of the 1921 Session Laws. (*Phoenix Iron Co. v. N. Y. Wrought Iron Railroad Chair Co.,* 27 N. J. L. 484; *Taylor v. Elliott,* 51 Ind. 375; *Shirk v. Wilson,* 13 Ind. 128; *Hanness v. Smith et al.,* 22 N. J. L. 332.) To hold otherwise the statute would be a nullity in all cases where the attaching creditor dismissed his action, and it would only be enforceable and of benefit to other judgment creditors in such cases where judgment was finally had and the property sold.

The rule is well settled that the lien of an attaching creditor is wholly a creature of the statute and unknown at the common law. Being entirely statutory, it is within the power of the legislature to place any restrictions upon the extent of the writ of an attaching creditor deemed advisable. The legislature of this state has said to any creditor of a defendant who runs an attachment and obtains an attachment lien, that any other creditor of the same defendant who, within 30 days of the first posting and pub-

lication of notice of attachment, shall commence and diligently prosecute to final judgment his claim against the defendant, shall prorate with the attaching creditor in the proceeds of the defendant's property. This is a restriction placed by the legislature upon the extent of the right of an attaching creditor. He does not get an unqualified, vested, lien, but the lien secured to him, by virtue of his attachment, is subject to the statute defining the rights of other creditors. With the wisdom of this legislation we have nothing to do. The statute is clear and unambiguous, defining the rights of the more diligent creditor and the rights of those who are forced to be diligent by proceedings instituted by the creditor who first files his action and runs an attachment.

I am therefore of the opinion that appellant acquired a lien under the attachment levied in the case of *Hand v. Denbrae Sheep Company;* that this lien came into existence and attached immediately upon compliance by appellant with the provisions of chap. 206, *supra* (*Shirk v. Wilson, supra; Cummins v. Blair,* 18 N. J. L. 151, 153); and that when the redelivery bonds were given, the lien attached to the bonds to the same extent and with like effect as it had theretofore attached to the property in the hands of the officer under the writ.

This state does not stand alone in upholding statutes for the prorating of the assets of a judgment debtor taken under attachment in the absence of successive levies of attachment; neither does it stand alone in holding that not only is a lien provided under an attachment to the attaching creditor, but to all creditors as well who prosecute their claims to judgment as by statute provided. (6 C. J. 303, 304, and cases cited under notes 28 and 29. While the cases referred to were not decided under statutes containing the same provision as the one under consideration, the principles therein announced support the view herein expressed.)

Having reached the conclusion that chap. 206, *supra,* creates a lien not only in favor of the first attaching creditor but in favor also of all creditors of the debtor complying

with the provisions of the statute, there is yet to be met the contention that appellant's complaint does not state a cause of action in that it is apparent therefrom that appellant did not appear in opposition to the motion made by plaintiff and intervenors in the Hand action to dismiss the same; that it further appears that the intervenors in that action are not parties to this action; and that it is a collateral attack upon the court's judgment unavailable to appellant.

Hand would not be further interested in the proceeding after accepting from the Portland Cattle Loan Company a stipulated price for her claim against the Denbrae Sheep Company. Neither did the Brownlee Sheep Company, apparently, have any further interest after the settlement with Hand by the Portland Cattle Loan Company. The inference may be indulged that Hand, Portland Cattle Loan Company and the Brownlee Sheep Company, had a mutual understanding that by settling Hand's claim against the Denbrae Sheep Company and dismissing that action, appellant would lose its attachment lien,—the Portland Cattle Loan Company having taken a chattel mortgage on all the property of the Denbrae Sheep Company before the Hand action was dismissed. But the action of the trial court in dismissing the Hand action against the Denbrae Sheep Company and the complaints in intervention therein, should not prejudice the rights of appellant or destroy its attachment lien. Respondents were aware of the fact that as soon as the writ of attachment was served, the service operated as a lien not only in plaintiff Hand's behalf but in behalf of every other creditor who complied with the provisions of the statute, chap. 206, *supra*. It could never have been the intent of this act that a suit by writ of attachment issued and served could be dismissed or the redelivery bonds exonerated by agreement between the original plaintiff and certain creditors, to the exclusion of other creditors. (*Cummins v. Blair, supra.*) The dismissal of the action and the exoneration of the surety on the redelivery bonds were without due notice to appellant. In such circumstances I

am forced to the conclusion that the order of the trial court discharging and exonerating the surety from liability under the redelivery bonds, in so far as affecting appellant's rights, was beyond and without the jurisdiction of the court and absolutely void, which being true such order is subject to attack, collaterally or otherwise.

Whether or not the action of appellant against the Denbrae Sheep Company was diligently prosecuted, would be a question of fact to be determined upon the trial.

The judgment should be reversed, the demurrer overruled, and respondents required to answer.

Givens, J., concurs.

Petition for rehearing denied.